Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 90 | **DATE** | 12/3/2001 |
| **CASE TITLE** | Franklin Cross vs. Schneider Financial, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant Schneider's Motion to Dismiss for Improper Venue [6-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 04 2001 date docketed | 17 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 01 DEC -3 PM 4: 20 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FRANKLIN CROSS, an individual, )
)
    Plaintiff, )
)
v. ) No. 01 CV 90
)
SCHNEIDER FINANCIAL, INC., a Wisconsin ) Magistrate Judge Nan R. Nolan
corporation, )
)
    Defendant. )

**DOCKETED DEC 04 2001**

## MEMORANDUM OPINION AND ORDER

Plaintiff Franklin Cross ("Cross") filed a complaint in the Northern District of Illinois alleging that Defendant Schneider Finance ("Schneider") misrepresented the mileage on a tractor Cross leased from Schneider. Schneider moves to dismiss Cross's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that a forum-selection clause in the lease agreement specifies Brown County, Wisconsin as the proper venue for any litigation concerning the lease. For the following reasons, Schneider's Motion to Dismiss for Improper Venue (Docket Entry #6) is granted.

### Legal Standard

On a motion to dismiss for improper venue based on a forum-selection clause, the plaintiff bears the burden of establishing that the venue he has chosen is proper, i.e., that the forum-selection clause is unenforceable. *Chapman v. Norwegian Cruise Line, Ltd.*, No. 01 C 50004, 2001 WL 910102, at *1 (N.D. Ill. July 6, 2001). The court must resolve any factual disputes in the parties' submissions in favor of the plaintiff and draw any reasonable inferences from those facts in the

plaintiff's favor. *Moore v. AT&T Latin America Corp.*, No. 01 C 3013, 2001 WL 1002469, at *2 (N.D. Ill. Aug. 29, 2001).

## Background

Cross does not dispute the following facts. On September 1, 2000, Cross traveled to Green Bay, Wisconsin with Schneider employee Michael McKenna to lease a tractor from Schneider. Before Cross signed the lease and took possession of the tractor, McKenna went over each paragraph of the lease agreement with Cross.

The lease contains 24 paragraphs; each paragraph is printed in the same size type and contains an underlined and bolded heading. Paragraph 22 of the lease agreement specifies the appropriate law and forum for any litigation that might arise:

> 22. **Choice of Law and Venue**. This Section and the rights and obligations of the parties hereunder shall be construed, interpreted, and determined by the laws of the State of Wisconsin, including the laws regarding conflicts of laws. Any action by either party concerning the Lease shall be venued in, and the parties hereby submit to the personal jurisdiction of, the Circuit Court of Brown County, Wisconsin. Lessor and Lessee each waive trial by jury in any action arising hereunder.

## Discussion

This Court must decide whether the forum-selection clause in the Cross-Schneider lease agreement is enforceable. If it is, Wisconsin is the proper venue for this litigation and Cross's suit must be dismissed.

I. The Suit "Concerns" the Lease

As an initial matter, Cross argues that the forum-selection clause is inapplicable to the present suit because the suit does not "concern" the lease. The forum-selection clause states that "any action

by either party *concerning* the Lease shall be venued in . . . Brown County, Wisconsin." (emphasis added). Cross argues that his suit concerns only Schneider's alleged misrepresentations (presumably oral) about the tractor's mileage, and does not concern the actual lease. This argument is without merit. As noted by Schneider, Cross attached a copy of the lease to his complaint, indicating the lease's indispensable role in the suit. Indeed, Cross specifically references the lease in his complaint, asserting that the "Delivery and Acceptance Schedule" included in the lease misrepresented the tractor's mileage. This Court finds that Cross's suit most certainly concerns the lease.

II. The Clause is a Valid Forum-Selection Clause

Cross next argues that even if the forum-selection clause is applicable to the present suit, it should not be enforced in this case. Before this Court can decide whether the forum-selection clause is enforceable, it must be determined whether the clause is a valid forum-selection clause. Despite the fact that the clause at issue indicates Wisconsin law as the law that governs all disputes arising out of the lease, both parties cite and rely upon Illinois law to argue the validity of the forum-selection clause. Because both parties rely upon Illinois law, this Court will apply that state's law to determine the validity of the clause at issue. *See Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 251-52 (7th Cir. 1996) (applying parties' choice of Illinois law to determine validity of forum-selection clause); *Polar Mfg. Corp. v. Michael Weinig, Inc.*, 994 F. Supp. 1012, 1014-15 (E.D. Wis. 1998) (applying parties' choice of federal common law).

Whether the clause in the lease is indeed a forum-selection clause hinges on whether it contains mandatory or permissive language. *See Paper Express, Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 755-56 (7th Cir. 1992). Mandatory language indicates that the parties have *selected* a particular forum, while permissive language indicates merely a *preference* for a certain forum. *Id.*

In *Paper Express*, the Seventh Circuit reasoned that mandatory language stating that "all disputes" that arise concerning the contract "*shall* be filed [in the designated venue]," constituted a valid forum-selection clause. *Id.* at 756. Similarly, in this case, the referenced clause states, "*Any* action by either party concerning the Lease *shall* be venued in ... Brown County, Wisconsin." (emphasis added). Because the clause contains mandatory language, it is a valid forum-selection clause.

III. The Clause Will Be Enforced

In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), the Supreme Court held that, under admiralty law, forum-selection clauses were "*prima facie valid* and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." (emphasis added). To establish that a forum-selection clause is unreasonable, the plaintiff must show "that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* at 18. Since *Bremen* was decided, Illinois courts (as well as other state courts) have applied the rule announced in *Bremen* to non-admiralty civil cases. Thus, under Illinois law, forum-selection clauses are enforced unless they are unreasonable. *See Roberts & Schaefer Co.*, 99 F.3d at 254 ("[U]nder Illinois law, a court contemplating enforcing a forum selection clause ... generally considers only one issue: whether the objecting party would effectively be deprived his day in court."); *Clinton v. Janger*, 583 F. Supp. 284, 288 (N.D. Ill. 1984) ("[S]ince the landmark decision in *Bremen v. Zapata Off-Shore*, a forum selection clause generally is valid unless proven to be unreasonable.") (citation omitted); *Hoes of America, Inc. v. Klaus-Gerd Hoes*, 493 F. Supp. 1205, 1208 (C.D. Ill. 1979) ("[T]he rationale of [*Bremen v.*] *Zapata* extends beyond admiralty and extends to civil actions in contract and tort as well."); *Dace Int'l, Inc. v. Apple Computer, Inc.*, 655 N.E.2d 974, 979 (Ill. App. Ct. 1995) (applying

Illinois law, "[E]nforcement of forum selection clauses is now the rule rather than the exception."). As previously noted, the plaintiff bears the burden of proving that a forum-selection clause is unenforceable. Accordingly, this Court will enforce the forum-selection clause unless Cross can show it to be unreasonable.

In deciding whether a forum-selection clause is unreasonable, Illinois courts consider the following factors: (1) which law governs the formation and construction of the contract, (2) the residency of the parties involved, (3) the place of execution and/or performance of the contract, (4) the location of the parties and witnesses participating in the litigation, (5) the inconvenience to the parties of any particular location, and (6) whether the clause was equally bargained for. *Calanca v. D&S Mfg.*, 510 N.E.2d 21, 23-24 (Ill. App. Ct. 1987). In *Calanca*, the plaintiff, an Illinois businessman, and the defendant, a Wisconsin corporation, entered into an employment contract that contained a forum-selection clause designating Wisconsin as the proper venue for any litigation concerning the contract. Applying the above principles, the *Calanca* court held that while it may inconvenience the plaintiff to litigate in Wisconsin, he had not met his burden of proving the clause was so unreasonable as to deny him his day in court. *Id.* at 24. The facts of the present case are virtually indistinguishable from the facts of *Calanca*. In both cases, the governing law is that of Wisconsin. Both plaintiffs reside in Illinois and both defendants reside in Wisconsin. Both contracts were executed in Wisconsin (although the *Calanca* contract was performed in Illinois while the lease in this case was performed in Wisconsin). The parties and witnesses are located in both Illinois and Wisconsin. Finally, in both cases, the plaintiffs would be inconvenienced by a trial in Wisconsin and the defendants would be inconvenienced by a trial in Illinois. Therefore, Schneider argues, while it may be inconvenient for Cross to travel to Wisconsin to litigate, he—like the plaintiff in

*Calanca*—has not met his burden of establishing that he would endure extraordinary hardship if he were mandated to do so. *Cf. Mellon First United Leasing v. Hansen*, 705 N.E.2d 121, 125 (Ill. App. Ct. 1998) (clause designating Illinois as the appropriate forum held unenforceable where contract negotiations occurred in California, defendant did not identify itself as an Illinois corporation, and plaintiff was the owner of a small business who had not been to Illinois in seventeen years).

Cross relies on *Williams v. Illinois State Scholarship Comm'n*, 563 N.E.2d 465 (Ill. 1990), to establish that a trial in Wisconsin will effectively deprive him of his day in court. Cross focuses on only one of the six *Calanca* factors listed above—whether there was an inequity of bargaining power between the parties. In *Williams*, the Supreme Court of Illinois held that forum-selection clauses in guaranteed student loan agreements were invalid because they violated the students' due process right of meaningful access to the courts. *Id.* at 475. The Court reasoned that it was against public policy to enforce the forum-selection clauses in the loan contracts because they violated Illinois' general venue statute—the purpose of which is to prevent "ridiculous long-distance forum abuse." *Id.* at 486. Noting that the loan agreements prepared entirely by the loan company contained preprinted "boilerplate" provisions, the court held that the agreements were "adhesion contracts, in that the [students] were in a disparate bargaining position, and, if they wanted the loan, were forced to 'take it or leave it.'" *Id.* at 487. Cross argues that the clause in this case is unreasonable because the lease agreement—like the loan agreements in *Williams*—is an adhesion contract. Cross asserts that the lease agreement was a "take or leave it" offer. To show a disparity in bargaining power, Cross notes that the lease was a form contract; Cross specifically points out that Schneider's initials were preprinted on the lease, but Cross had to write his initials in a space that simply referred to him as the "lessee."

Cross is correct that *Williams* noted that the boilerplate language in the student-loan agreements was an indication of unequal bargaining power between the parties. However, *Williams* does not stand for the proposition that the existence of preprinted contract provisions conclusively establishes that an agreement is an adhesion contract. Indeed, the *Williams* court took several factors into consideration that do not apply in this case. For example, in *Williams*, the loan negotiations took place in locales far from the designated venue of Cook County, and the students were indigent, making it very difficult for them to travel to Cook County to litigate their cases. *See id.* at 482. Schneider contends that, unlike the students in *Williams*, Cross has already traveled to the designated forum when he signed the lease. Cross does not argue that it would be difficult for him to travel again to Wisconsin to litigate. Moreover, Cross has not met his burden of proving the lease was an "adhesion contract" involving unequal bargaining power. Unlike the students in *Williams* who were forced to sign the loan agreements if they wanted to receive a loan, Cross presents no evidence that he was forced to "take or leave" Schneider's lease agreement. Cross does not contend he had no choice but to lease the tractor from Schneider. Presumably, Cross could have sought out other companies in either Illinois or Wisconsin from which to lease a tractor. As noted by the *Dace* court, the primary concern in *Williams* was the prevention of arbitrarily selected venues wherein the defendant does not reside, or wherein no part of the transaction occurred. *Dace*, 655 N.E.2d 974 at 239. The parties' selection of Brown County, Wisconsin as a forum was simply not arbitrary. Wisconsin is a reasonable venue location because not only are Schneider's place of business and a majority of the witnesses located in Wisconsin, but Cross also signed the lease and took possession of the tractor there.

Generally, "a person who signs a contract is presumed to know its terms and consents to be bound by them ... [m]ere ignorance will not relieve a party of her obligations and she will be bound by the terms of the agreement." *Paper Express*, 972 F.2d at 757-58 (citations omitted). As exceptions to this general principle, some courts have noted that a forum-selection clause may be unenforceable if there is a disparity in bargaining power between the parties, *e.g., Williams*, 563 N.E.2d at 487, or a clause is hidden or embedded in the contract, *e.g., Melon*, 705 N.E.2d at 125. However, Cross does not argue he was inexperienced in the leasing of tractors. Also, Cross does not contend that he in any way misunderstood the forum-selection clause or any other provision of the lease. It is undisputed that Schneider employee Michael McKenna went through each paragraph of the lease agreement with Cross prior to execution. Moreover, Cross cannot argue that the forum-selection clause was hidden or embedded in the contract as the clause in paragraph 22 was the same size and print as all other paragraphs in the lease. Cross could have objected to the forum-selection clause but he chose not to. This Court will not remedy his mistake. *See Dace*, 665 N.E.2d at 978 (businessman who signed pre-prepared agreement by defendant corporation was held to terms of forum-selection clause in part because he did not object to the clause when signing the contract).

## Conclusion

For the foregoing reasons, Schneider's Motion to Dismiss for Improper Venue is GRANTED.

E N T E R:

*(signature)*
Nan R. Nolan
United States Magistrate Judge

Dated: DEC 0 3 2001